UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MINH NGUYEN,<br>    Plaintiff, | :<br>: |
| | :      3:10-cv-455 (CFD) |
| v. | : |
| | : |
| PEOPLE'S UNITED BANK,<br>    Defendant. | :<br>: |

## RULING ON MOTION TO DISMISS

**I.    Introduction**

This is an employment discrimination case in which the plaintiff, Minh Nguyen, brings Title VII and common law claims against her former employer, People's United Bank ("the bank"). In this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the bank moves to dismiss count three of the complaint which alleges intentional infliction of emotional distress under Connecticut law.

**II.    Background**

Nguyen, a Vietnamese woman who speaks Vietnamese as her first language, was employed by the bank from 1980 until her termination in February 2008. During the period relevant to this lawsuit, she was the Lead Customer Representative at the bank's branch in Old Greenwich, Connecticut. Nguyen alleges that during her time as an employee of the bank, the bank never provided her a copy of the bank's policies, even though other non-Vietnamese employees were routinely provided copies of them. She also alleges that the three women who discharged her were not Vietnamese. Her complaint also alleges that other non-Vietnamese

employees of the bank have "been treated more leniently" under similar circumstances and "more serious conduct" by non-Vietnamese employees "has been overlooked" by the bank.

III.     **Applicable Law and Discussion**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Bd. of Educ., 757 A.2d 1059, 1063 (Conn. 2000). Whether the defendant's conduct was extreme and outrageous is the initial question for the court to address. Edwards v. New Opportunities Inc., No. 3:05CV1238, 2007 WL 947996, at *7 (D. Conn. Mar. 26, 2007). Only if reasonable minds could disagree does

it become an issue for the jury to decide.  Adams v. Hartford Courant & Tribune Co., No. 303CV0477, 2004 WL 1091728, at *4 (D. Conn. May 14, 2004).

Both federal and state courts in Connecticut have interpreted the qualification of "extreme and outrageous conduct" strictly.  Golnik v. Amato, 299 F. Supp. 2d 8, 15–16 (D. Conn. 2003). Liability can only be imposed if the conduct "exceeds all bounds usually tolerated by decent society" and is "of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind."  Buster v. City of Wallingford, 557 F. Supp. 2d 294, 301 (D. Conn. 2008).   The suffering must be "so severe that no reasonable person could be expected to endure it."  Id. at 302.

In this case, Nguyen has failed to make a facially plausible claim of intentional infliction of emotional distress.  Drawing all reasonable inferences in her favor, the Court may infer that her employers discriminated against her, but not in a way that was extreme or outrageous:

> In the context of the employer-employee relationship, the court must assess whether the employer's conduct, not the employer's motive, was extreme or outrageous.  Thus, claims of employer misconduct in the form of intentional discrimination or retaliation, including discharge, which challenge motive or intent, are dismissed unless the manifesting conduct is itself outrageous or extreme.  Firing an employee, in spite of any allegedly wrongful motive, does not qualify as extreme or outrageous.

Credle-Brown v. Connecticut, 502 F.Supp.2d 292, 300 (D.Conn. 2007) (internal citations and quotations omitted). Nguyen principally relies on a Connecticut Superior Court case, Tinney v. New Haven Firefighters, Local 825, No. CV0740299029S, 2008 WL 4780571 (Conn. Super. October 17, 2008), which denied a motion to strike plaintiff's intentional infliction of emotional distress claim against a firefighters' union which allegedly failed to represent minority firefighters in disciplinary proceedings, and failed to intervene when members requested help.

While the facts in Tinney case are arguably more extreme than the facts in this case, an analogy to Tinney is far from apt. The majority of the decisions from Connecticut state courts and this district holds that actions such as those the bank allegedly took against Nguyen do not rise to the level of extreme or outrageous conduct. See, e.g., Williams v. Deloitte Services, LP No. 3:09-CV-17, 2009 WL 3571365 (D.Conn. October 26, 2009) (dismissing intentional infliction of emotional distress claim against employer who allegedly assigned African-American plaintiff less work, refused to allow him to work overtime, hired white employees for positions to which he had applied, and told him "not to make waves" when he brought the discrimination to his employer's attention); Lorenzi v. Connecticut Judicial Branch, 620 F.Supp.2d 348 (D.Conn. 2009) ("Close supervision, the demeaning and unprofessional speech alleged . . . unfair job appraisals, inferior office space, denial of pay raises and promotions, orders to limit interactions with certain other employees, insults about one's lunch, discrimination on the basis of race and/or national origin . . . do not meet the standard for finding that conduct was extreme and outrageous.")

## IV. Conclusion

For the reasons set forth above, the defendant's motion to dismiss [Dkt. # 11] is GRANTED.

SO ORDERED this   23rd   day of November 2010, at Hartford, Connecticut.

 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE**